United States District Court
Southern District of Texas
**ENTERED**
August 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NJOKU SAMUEL OGBONNAYA, § § § | |
| Plaintiff, § | |
| v. § | ACTION NO. H-23-mc-295 |
| § | ACTION NO. H-23-mc-296 |
| MISSOURI STATE UNIVERSITY, § | ACTION NO. H-23-mc-297 |
| CLIFTON SMART, and BOARD OF § | |
| GOVERNORS, § § | |
| Defendant. § | |

## ORDER

The plaintiff, Njoku Ogbonnaya, has filed three nearly identical cases and in each case has moved for leave to file a complaint *in forma pauperis*. The first filed case, No. 23-mc-295, purports to raise a breach of contract claim. The second filed case, No. 23-mc-296, purports to raise a civil rights claim. The third filed case, No. 23-mc-297, purports to raise a negligence claim. Each case includes the same defendants and is based on the same events or series of events.

Ogbonnaya's complaints are dismissed with prejudice. Under 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss an *in forma pauperis* action if it is frivolous, lacking an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). A complaint is factually frivolous if it alleges "clearly baseless" facts, including allegations that are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32–33; *Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993).

Although a pro se plaintiff's claims must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a pro se pleading must assert a claim on which relief can be granted, not merely conclusory allegations.

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).

In each of his three filed cases, Ogbonnaya sued Missouri State University, Clifton Smart (the President of Missouri State University), and the Governing Board of Missouri State University. Each complaint is completely baseless. For example, Ogbonnaya describes being asked to fill out a graduation survey and states that his rights were violated by his "entire body"

being "under attack" and "[d]eath of baby." Ogbonnaya also asks the court to award him a panel of women so that he may choose one as a bride. These complaints are entirely fanciful and delusional. They are dismissed. Final judgment will be entered separately.

SIGNED on August 25, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge